CELGARD, LLC, Plaintiff–
Cross Appellant,

v.

LG CHEM, LTD. and LG Chem
America, Inc., Defendants–
Appellants.

Nos. 2014–1675, 2014–1733, 2014–1806.

United States Court of Appeals,
Federal Circuit.

Dec. 10, 2014.

Martin Richard Lueck, Esq., Andrew Douglas Hedden, Jamie R. Kurtz, Robins, Kaplan, Miller & Ciresi, LLP, Minneapolis, MN, Bryan Jason Vogel, Esq., Robins, Kaplan, Miller & Ciresi, LLP, New York, NY, for Plaintiff–Cross Appellant.

Michael J. Mckeon, Esq., Kevin Wheeler, Fish & Richardson, P.C., Washington, DC, John A. Dragseth, Esq., Fish & Richardson, P.C., Minneapolis, MN, Leah A. Edelman, Fish & Richardson, P.C., New York, NY, for Defendants–Appellants.

Before NEWMAN, DYK, and HUGHES, Circuit Judges.

## ON MOTION

## ORDER

DYK, Circuit Judge.

Apple Inc. states that the Jones Day law firm's representation of Celgard LLC in this infringement suit against their lithium battery supplier, LG Chem., Ltd., has made it more difficult for Jones Day to effectively represent Apple in unrelated ongoing legal matters. For that reason, Apple seeks to be heard and moves to disqualify Jones Day from this appeal.*

BACKGROUND

In the litigation underlying this case, Celgard, itself a manufacturer of lithium battery components, brought suit in the Western District of North Carolina against LG Chem. The complaint sought damages

* General Motors joins this motion and similarly moves to disqualify Jones Day from further representation in this case.

and injunctive relief as a result of LG Chem's alleged infringement of U.S. Patent No. 6,432,586 (the "'586 patent") from the manufacture and sale of its lithium batteries. The complaint named only LG Chem and its affiliate companies, not its customers.

After filing its complaint, Celgard—at the time not represented by Jones Day— moved to preliminarily enjoin LG Chem from continuing to infringe the '586 patent either directly or by inducing others by continuing to sell its batteries to customers such as Apple. Soon after, Celgard sent Apple a copy of its motion and requested to work with Apple to find a mutually beneficial business arrangement to resolve the issues around infringement of Celgard's intellectual property.

The district court granted Celgard's request to preliminarily enjoin LG Chem and its affiliates on July 17, 2014, but stayed that injunction a few days later until disposition of this appeal. Jones Day then entered an appearance on behalf of Celgard to represent it in this matter before the district court and on appeal before this court, although, according to Jones Day, it will not counsel Celgard in any matter adverse to Apple, including licensing negotiations.

After Jones Day rejected Apple's repeated requests to withdraw, Apple moved for leave to intervene in this matter for purposes of seeking to disqualify Jones Day. Apple asserts that the preliminary injunction covers the custom batteries LG Chem provides for Apple's products and that Jones Day currently represents Apple in several ongoing unrelated commercial litigation matters.

## DISCUSSION

We agree with Apple that Jones Day's conflicting representation here requires disqualification under the applicable legal standard. We apply regional circuit law, in this case the Fourth Circuit, to disqualification matters. *See Atasi Corp. v. Seagate Tech.*, 847 F.2d 826, 829 (Fed.Cir. 1988). The Fourth Circuit, in turn, applies the professional conduct rules of the forum state. *See Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 145 (4th Cir.1992). The North Carolina Rules of Professional Conduct thus govern here.

Rule 1.7(a), which governs concurrent conflicts of interest, prohibits representation when such representation "will be directly adverse to another client[.]" N.C. Rule of Prof'l Conduct 1.7(a). Because Jones Day's representation here is "directly adverse" to the interests and legal obligations of Apple, and is not merely adverse in an "economic sense," the duty of loyalty protects Apple from further representation of Celgard. *Id.; see also* 1.7 cmt. 6.

We addressed similar circumstances involving the same conflict rule, albeit from a different jurisdiction, in *Freedom Wireless, Inc. v. Boston Commc'ns Group, Inc.*, Nos.2006–1020 et al., 2006 WL 8071423 (Fed.Cir. Mar. 20, 2006). There, we agreed that counsel for plaintiff should be disqualified from seeking to enjoin a wireless service technology provider based on the firm's ongoing relationship with a customer of the provider because any "[a]dvocacy by counsel for [plaintiff in support of] ... the injunction will adversely affect [customer]'s interest in being free of the bar of the injunction." *Id.* at *2. This court added:

> Here, counsel has asserted a position that an injunction obtained on behalf of one client ... should limit the activity of another client.... In this situation, a clear and direct conflict of interest has arisen.

*Id.* at *3.

These grounds for disqualification apply equally here. As in *Freedom Wireless*, the

burden placed on the attorney-client relationship here extends well beyond the sort of unrelated representation of competing enterprises allowed under Rule 1.7(a). Apple faces not only the possibility of finding a new battery supplier, but also additional targeting by Celgard in an attempt to use the injunction issue as leverage in negotiating a business relationship. Thus, in every relevant sense, Jones Day's representation of Celgard is adverse to Apple's interests.

This conclusion is not altered by the fact that Apple is not named as a defendant in this action. The rules and cases such as *Freedom Wireless* interpreting them make clear it is the total context, and not whether a party is named in a lawsuit, that controls whether the adversity is sufficient to warrant disqualification. 2006 WL at *2; *see also Arrowpac Inc. v. Sea Star Line, LLC,* Nos. 3:12–cv–1180–J–32JBT et al., 2013 WL 5460027 at *10 (M.D.Fla. Apr. 30, 2013) (interpreting same rule as encompassing "*any* representation *directly* adverse to the interests of a current client.").

Celgard contends that despite the conflict we should not grant disqualification because of the prejudice involved in impinging on Celgard's right to choose their counsel and secure new counsel. Celgard further suggests that if Rule 1.7(a) were to cover conflicting representations merely because the client is up or down the supply chain then "lawyers and clients would have no reliable way of determining whether conflicts of interest exist in deciding whether to commence engagements." Opposition at 13, *Celgard, LLC v. LG Chem, Ltd.,* Appeal Nos. 20141675 et al. (Oct. 14, 2014).

That, however, is not our holding. Nor is it the facts of this case. As evidenced by Jones Day's attempts to limit the nature of the representation, Jones Day and

Celgard clearly knew the potential for conflict here yet elected to continue with the representation. *See id.* at 4 ("Jones Day explained that it could represent Celgard against LG Chem, but not against customers of LG Chem who were also Jones Day clients—such as Apple."). Thus, the legal costs and delay in proceedings that may result from a disqualification are attributable in no small way to Celgard and Jones Day themselves.

Accordingly,

IT IS ORDERED THAT:

(1) Apple's motions for leave to intervene and to disqualify Jones Day are granted.

(2) New principal counsel for Celgard shall file an entry of appearance within 60 days from the date of filing of this order.

(3) General Motor's separate motion to disqualify Jones Day is moot.